# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09CR55–HEH
)
ADRIAN LAMONT BENNIEFIELD, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying Petitioner's Amended 28 U.S.C. § 2255 Motion)

Adrian Lamont Benniefield, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Benniefield contends that counsel failed to provide effective assistance.[1] Specifically,

Claim One "[D]efense counsel failed to assert the defense of *Entrapment* though instructed to do so by this Petitioner." (Mem. Supp. § 2255 Mot. 2.)

Claim Two "[D]efense counsel failed to obtain '[s]afety [v]alve' treatment for this Petitioner." (*Id.*)

Benniefield's Motion to Supplement (ECF No. 71) will be granted. The Court will consider Benniefield's arguments in his Motion to Supplement. The Government has responded, Benniefield has filed a reply, and the matter is now ripe for judgment.

## I. PROCEDURAL HISTORY

On January 26, 2009, federal authorities arrested Benniefield on a criminal complaint charging that he had distributed five grams or more of cocaine base between October and November of 2008. (Criminal Compl 1.) Immediately after his arrest,

---

[1] The matter is proceeding on Benniefield's Amended § 2255 Motion, which supplanted Benniefield's original 2255 Motion.

Benniefield contacted Robert E. Walker, Jr., to represent him. (Gov't's Resp. Attach A ("Walker Aff.") ¶ 2.) Walker met with Benniefield and reviewed some of the evidence against him. (*Id.* ¶ 3.) Walker then explained to Benniefield, based on his experience and training, that "it would be in [Benniefield's] best interest to cooperate fully with the federal agents. [Walker] explained to [Benniefield] that . . . his sentence might be reduced if he cooperated and that the earlier the cooperation the greater the likelihood that he would get a reduction." (*Id.* ¶ 4.)

On February 17, 2009, a grand jury charged Benniefield in a three-count indictment, to wit: on January 16, 2009, Benniefield distributed in excess of fifty (50) grams of cocaine base (Count One); on November 11, 2008, Benniefield distributed five (5) grams or more of cocaine base (Count Two); and on October 8, 2008, Benniefield distributed five (5) grams or more of cocaine base (Count Three).

On April 30, 2009, Benniefield entered into a plea agreement with the Government. Benniefield pled guilty to Count One. On August 4, 2009, the Court sentenced Benniefield to the statutory minimum sentence of 120 months of imprisonment.[2]

## II. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy

---

[2] In 2011, the Court reduced Benniefield's sentence to ninety-six months of imprisonment pursuant to Federal Rule of Criminal Procedure 35(b). *See United States v. Benniefield*, No. 12–7327, 2012 WL 4882313, at *1 (4th Cir. Oct. 16, 2012) (recounting this fact).

2

the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Alleged Failure to Pursue Entrapment Defense

Entrapment is an affirmative defense that consists of "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citing cases). Inducement "involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993) (internal citation omitted) (citing *Jacobson v. United States*, 503 U.S. 540, 548 (1992)).

Benniefield contends that he was entrapped because:

> For over six months the various [confidential informants] attempted to induce this Petitioner to engage in an act that he was not prepared to engage in and that Petitioner was opposed to. Only after a period of "wearing down" and an appeal to Petitioner's sympathies as regards the children by

3

the government's agents did this Petitioner relent and engage in acts that he had never engaged in before.

(Mem. Supp. § 2255 Mot. 4; see Benniefield Reply Attach. A ("Benniefield Aff.") ¶¶ 1–11.) In support of this argument, Benniefield points to a taped phone conversation between himself and a confidential informant wherein Benniefield states he "is not making any money off the transactions." (Mem. Supp. § 2255 Mot. 4–5.)

Viewed in isolation, Benniefield's testimony might arguably support an entrapment instruction on Count Three, Benniefield's initial distribution of cocaine base on October 8, 2008. *But see United States v. Wright*, 333 F. App'x 772, 776 (4th Cir. 2009).[3] Nevertheless, counsel reasonably perceived this meager evidence could not support a successful entrapment defense to Counts One and Two. (Benniefield Aff. ¶ 13.) Benniefield did not distribute drugs only on the single instance charged in Count Three. Rather, he sold drugs to the confidential informant on multiple occasions over a period of months. (Walker Aff. ¶ 13.) Benniefield presents no specific facts regarding any overreaching by government agents immediately prior to his distribution of cocaine base on January 21, 2009, which gave rise to Count One. *See United States v. Collins*, No. 94–5108, 1995 WL 60773, at *2 (4th Cir. Feb. 15, 1995) (concluding defendant was not entitled to entrapment instruction when government informant "did not repeat any

---

[3] In *Wright*, the Fourth Circuit concluded informant's offers of

> money and sex with women to broker the deal, play[ing] on defendant's sympathy by stating that he needed money for his daughter's mother, invok[ing] his love for defendant, coach[ing] defendant on how to complete the transaction, and assur[ing] defendant that no one had ever been caught with him . . . . do not come close to the types of pleading and persuasion that courts have held constitute inducement.

333 Fed. App'x at 776.

4

form of hardluck story" prior to defendant's subsequent illegal purchases of food stamps). Benniefield fails to demonstrate that counsel acted unreasonably by not pursuing an entrapment defense to Count One. Claim One will be dismissed.

B.  **Failure to Secure Safety Valve Reduction**

In Claim Two, Benniefield faults counsel for failing to obtain a sentence reduction for him under the "safety valve" provision of the Sentencing Guidelines.[4] Benniefield had three criminal history points. (Presentence Report ("PSR") Worksheet C.) Benniefield, however, contends that his convictions of attempting to elude police (PSR ¶ 24) and driving on a suspended license (PSR ¶ 25), which generated criminal history points really were not that serious and thus should not have been counted under USSG § 4A1.2(c).[5]

---

[4] The "safety valve" refers to section 5C1.2(a) of the Guidelines which reads in relevant part:

>   (a)   [I]n the case of an offense under 21 U.S.C. § 841 . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria . . . set forth below:
>     (1)   the defendant does not have more than 1 criminal history point . . . .

U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2(a) (2008).

[5] That provision provides:

**Sentences Counted and Excluded**

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1)  Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

5

Contrary to Benniefield's assertions, the challenged driving offenses were not excludable. Attempting to elude police is not similar to reckless driving. *See United States v. Mendez-Lopez*, 338 F.3d 1153, 1160–61 (10th Cir. 2003) (concluding Kansas offense of fleeing or eluding police is not excludable under USSG § 4A1.2(c)(1)). Additionally, Benniefield's conviction for driving on a suspended license was not excluded under USSG § 4A1.2(c)(1), because Benniefield received a "sentence . . . of probation of more than one year." USSG § 4A1.2(c)(1).[6] Finally, counsel reasonably

---

> Careless or reckless driving
> Contempt of court
> Disorderly conduct or disturbing the peace
> Driving without a license or with a revoked or suspended license
> False information to a police officer
> Gambling
> Hindering or failure to obey a police officer
> Insufficient funds check
> Leaving the scene of an accident
> Non-support
> Prostitution
> Resisting arrest
> Trespassing.

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

> Fish and game violations
> Hitchhiking
> Juvenile status offenses and truancy
> Local ordinance violations (except those violations that are also violations under state criminal law)
> Loitering
> Minor traffic infractions (*e.g.*, speeding)
> Public intoxication
> Vagrancy.

(USSG § 4A1.2(c).)

---

[6] Benniefield received a sentence of two years of probation on that charge. (PSR ¶ 25.)

eschewed arguing that the Court should sentence Benniefield below the statutory minimum sentence, because Benniefield did not satisfy the safety valve provision and no other applicable statutory provision authorized such a departure. *See United States v. Gonzalez*, No. 05–4176, 2005 WL 2764749, at *3–4 (4th Cir. Oct. 26, 2005) (reversing district court's attempt to depart below statutory minimum sentence). Because Benniefield has not demonstrated deficiency or prejudice, Claim Two will be dismissed.

### III. CONCLUSION

Benniefield's Amended § 2255 Motion (ECF No. 36) and a certificate of appealability will be denied.[7] Benniefield's Motions for an Evidentiary Hearing (ECF Nos. 55, 66), Motion for Appointment of Counsel (ECF No. 67), and Motion for Summary Judgment (ECF No. 64) will be denied. The action will be dismissed. A certificate of appealability is denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                              /s/
                            HENRY E. HUDSON
                            UNITED STATES DISTRICT JUDGE

Date: Dec 27, 2012
Richmond, Virginia

---

[7] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Benniefield is entitled to further consideration in this matter.